UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.: _____

LETREVIS DEVON NATHAN,

    Plaintiff,

vs.

WAYNE IVEY, in his official capacity as
SHERIFF OF BREVARD COUNTY, FLORIDA,
And AARON RADCLIFF, Individually,

    Defendants.

_____/

## COMPLAINT
### (Jury Trial Demanded)

Plaintiff, Letrevis Devon Nathan, hereby sues Defendants, Wayne Ivey, in his official capacity as Sheriff of Brevard County, Florida (hereinafter referred to as Sheriff Ivey), and Aaron Radcliff, Individually, (hereinafter referred to as Deputy Radcliff), and alleges:

### GENERAL ALLEGATIONS

1. This is an action brought pursuant to the provisions of 42 U.S.C. § 1983 and 1988, and Fourth and Fourteenth Amendments to the United States Constitution, together with state law claims.

2. This Court has jurisdiction of this action pursuant to provision of 42 U.S.C. § 1983, 28 U.S.C. § 1343 and 28 U.S.C. § 1331. Jurisdiction over the state law claims is based upon the supplemental jurisdiction of this Court, pursuant to 28 U.S.C. § 1367.

3. At all times material hereto, Plaintiff, Letrevis Devon Nathan, was and is a resident of Brevard County, Florida, and the United States of America.

4. At all times material hereto, Sheriff Ivey was and is the Sheriff and a resident of Brevard County, Florida.

5. At all times material hereto, Sheriff Ivey employed DEPUTY Radcliff as a deputy sheriff.

6. At all times material hereto, Deputy Radcliff was a resident of Brevard County, Florida, and a deputy sheriff of Sheriff Ivey.

7. And at all times material hereto, Deputy Radcliff was acting in the course and scope of his employment and under the color of law, unless otherwise indicated, Deputy Radcliff is sued herein in his official and individual capacity.

8. On or about June 10, 2022, Plaintiff, Letrevis Devon Nathan, furnished Sheriff Ivey and Department of Financial Services with written notice of claim via certified mail – return receipt requested pursuant to Section 768.28, Florida Statutes.

9. Plaintiff, Letrevis Devon Nathan, has complied with all the conditions precedent, including the conditions precedent set forth in Section 768.28, Florida Statutes, prior to filing this civil action.

10. Plaintiff, Letrevis Devon Nathan, has retained the undersigned counsel and agreed to pay them reasonable attorney's fees to represent him in this action.

## STATEMENT OF FACTS

11. On April 26, 2022, the Plaintiff, Letrevis Devon Nathan, along with his brother, were looking at houses that were due to be foreclosed on for purposes of

2

evaluating their condition and assisting in decision-making regarding how much, if at all, to bid on these distressed properties at an auction the following week.

12. Letrevis Devon Nathan and his brother are African-American and they were present, in their BMW SUV in a predominantly white neighborhood in Merritt Island, Brevard County, Florida, and sitting in a vehicle in a driveway making notes of the property they had just looked at and were approached by Deputy Radcliff as they sat there.

13. The Plaintiff was seated in his vehicle at 413 Fourth Street, Merritt Island, Florida when approached by Deputy Radcliff.

14. There had been, prior to Deputy Radcliff's appearance, a call from someone in that same neighborhood reporting suspicious behavior at 411 Fourth Street, Merritt Island, Florida <u>by 3 black men</u>.

15. Deputy Radcliff inquired what they were doing there and the Plaintiff advised Deputy Radcliff of the following during the approximately 3 hours he was held at the scene, to wit:

   a. Ask if he was a licensed realtor, he responded yes and showed Deputy Radcliff proof of the same.

   b. Had developed a list of properties and put them into the maps app on his phone and offered to show the route they had taken earlier that day and other properties they had looked at, including the one they were sitting in front of. (This offer was ignored by Deputy Radcliff.)

   c. Denied having taken anything from any property and denied knowing that his brother had allegedly removed a cinder block from the property.

3

  d. Asked if either he or his brother had a firearm, the Plaintiff responded positively that they both had guns and had concealed carry permits.

  e. Denied that any other black man or other person was with them as they were traveling to the list of properties or had another black man with them at this particular location.

  f. Admitted to going onto the distressed property and looking into the windows with flashlights to get a view of what was inside and denied going into the property in question.

  16. At no time was any other person or witness or complainant brought to them nor were they displayed or shown to any other person to specifically identify them as anyone involved in suspicious activity at that location that day.

  17. After spending approximately 3 hours at the scene, talking to Deputy Radcliff and other Brevard County Sheriff Deputies openly, without ever being Mirandized or accused of any crime, the Plaintiff was then placed under arrest by Deputy Radcliff and asked the same questions that he had been answering before.

  18. Deputy Radcliff, intentionally ignoring evidence of innocence and in spite of having confirmed all of what the Plaintiff had informed him about his presence there and in spite of confirming that there was no third black man in the area (as initially reported by the citizen), his criminal history, military service, etc., and completely fabricating, in his arrest affidavit, a story about smelling marijuana (together with Deputy Matthias), Deputy Radcliff initiated a warrantless search, arrest, and prosecution of the Plaintiff for Armed Burglary of a Dwelling/Structure, a felony, Possession of Burglary Tools With Intent to Commit Burglary, and Pettit Theft.

4

19. In spite of all of the evidence that the Plaintiff had committed no crime whatsoever and was simply at that location for entirely lawful purposes, Deputy Radcliff illegally arrested the Plaintiff for those crimes set forth above.

20. Plaintiff was then illegally handcuffed, placed in the patrol car, and transported to the Brevard County Jail, booked into the Jail, and held in custody until ultimately posting a bond and being released from custody some 30 hours later.

21. All of the charges against the Plaintiff, Letrevis Devon Nathan, were dismissed on May 19, 2022.

## COUNT I – SECTION 1983
## CLAIM AGAINST DEPUTY RADCLIFF
## UNLAWFUL STOP, DETENTION AND INTERROGATION

22. Plaintiff, Letrevis Devon Nathan, hereby realleges, readopts, and reincorporates Paragraphs 1 through 21 above as if fully set forth herein.

23. The actions of Deputy Radcliff in stopping, detaining and interrogating the Plaintiff, Letrevis Devon Nathan, was done in the absence of probable cause and the absence of lawful authority.

24. The conduct of Deputy Radcliff towards Plaintiff, Letrevis Devon Nathan, was objectively unreasonable and violated the clearly established rights of Plaintiff, Letrevis Nathan Nathan, under the Fourth Amendment of the United States Constitution, and 42 U.S.C. § 1983, to be free from stop, detention and interrogation in the absence of probable cause.

25. As a direct and proximate result of the acts described herein, in violation of 42 U.S.C. § 1983, Plaintiff, Letrevis Devon Nathan, has suffered loss of his liberty and freedom and mental anguish.

**WHEREFORE**, Plaintiff, Letrevis Devon Nathan, demands judgment against Deputy Radcliff as follows:

    a.    for compensatory damages;

    b.    for punitive damages;

    c.    for costs of this action and attorney's fees pursuant to Provisions of 42 U.S.C. § 1983 and § 1988; and

    d.    any further relief as allowed by law due to the unlawful conduct of Deputy Radcliff.

### COUNT II – SECTION 1983
### CLAIM AGAINST DEPUTY RADCLIFF
### FALSE ARREST / FALSE IMPRISONMENT

26. Plaintiff, Letrevis Devon Nathan, hereby realleges, readopts, and reincorporates Paragraphs 1 through 21 above as if fully set forth herein.

27. The actions of Deputy Radcliff in causing the arrest of Plaintiff, Letrevis Devon Nathan, in the absence of probable cause were taken in the absence of lawful authority. The actions of Deputy Radcliff constitute false arrest/false imprisonment of Plaintiff, Letrevis Devon Nathan.

28. The conduct of Deputy Radcliff towards Plaintiff, Letrevis Devon Nathan, was objectively unreasonable and violated the clearly established rights of Plaintiff, Letrevis Devon Nathan, under the Fourth and Fourteenth Amendments of the United States Constitution, and 42 U.S.C. § 1983, to be free from seizure, arrest and confinement in the absence of probable cause.

29. As a direct and proximate result of the acts described herein, in violation of U.S.C. § 1983, Plaintiff, Letrevis Devon Nathan, has been brought into public scandal, with great humiliation, mental suffering and damaged reputation.

30. As a further direct and proximate result of the conduct of Deputy Radcliff, Plaintiff, Letrevis Devon Nathan, suffered loss of his liberty and freedom, and costs of bond and defense of the criminal prosecution, and lost or interrupted income. The losses of Plaintiff, Letrevis Devon Nathan, are either permanent or continuing and Plaintiff will suffer the losses in the future, in violation of the civil rights of Plaintiff.

**WHEREFORE**, Plaintiff, Letrevis Devon Nathan, demands judgment against Deputy Radcliff as follows:

    a.    for compensatory damages;

    b.    for punitive damages;

    c.    for costs of this action and attorney's fees pursuant to Provisions of 42 U.S.C. § 1983 and § 1988; and

    d.    any further relief as allowed by law due to the unlawful conduct of Deputy Radcliff.

### COUNT III – STATE LAW CLAIM AGAINST SHERIFF IVEY FALSE ARREST / FALSE IMPRISONMENT

31. Plaintiff, Letrevis Devon Nathan, hereby realleges, readopts, and reincorporates Paragraphs 1 through 21 above as if fully set forth herein.

32. Deputy Radcliff, never having had the Plaintiff identified by anyone as a person that committed any criminal activity, having confirmed all of the information that the Plaintiff provided to him at the scene, knowing that no other "third" black man had

been located in the area, fabricating a story about smelling marijuana, and ignoring the exculpatory evidence that the Plaintiff was attempting to show him (the map's route of the foreclosed properties he had visited that day), did not have probable cause to believe that Plaintiff, Letrevis Devon Nathan, had committed the alleged criminal offenses of Armed Burglary of a Dwelling/Structure, Possession of Burglary Tools With Intent to Commit Burglary, or Pettit Theft. The circumstances known to Deputy Radcliff and those that he chose to ignore at the scene were not sufficient to cause a reasonable cautious person to believe that the Plaintiff, Letrevis Devon Nathan, had committed the aforementioned criminal offenses.

33. Deputy Radcliff intentionally caused Plaintiff, Letrevis Devon Nathan, to be arrested and restrained for the alleged criminal offenses of Armed Burglary of a Dwelling/Structure, Possession of Burglary Tools With Intent to Commit Burglary, or Pettit Theft. Further, Deputy Radcliff either purposely caused the arrest and restraint of Plaintiff, Letrevis Devon Nathan, or otherwise acted with knowledge that the arrest and restraint of Plaintiff would be substantially certain to occur.

34. The arrest and restraint of Plaintiff, Letrevis Devon Nathan, was against the will of Plaintiff and was unlawful, unreasonable and without probable cause.

35. As a direct and proximate result of the aforementioned acts, Plaintiff, Letrevis Devon Nathan, has suffered grievously and has been brought into public scandal, with great humiliation, mental suffering and damaged reputation.

36. As a further direct and proximate result of the conduct of the aforementioned deputy sheriff of Sheriff Ivey, Plaintiff, Letrevis Devon Nathan, was arrested, detained and confined in jail and suffered from or incurred injury to his

reputation and health; shame; humiliation and embarrassment; mental anguish; emotional distress; legal expenses; costs of bond and other related expenses, and lost or interrupted income.

**WHEREFORE**, Plaintiff, Letrevis Devon Nathan, hereby demands judgment for damages against Sheriff Ivey, together with costs of this civil action and any further relief this Court deems appropriate.

### COUNT IV – STATE LAW CLAIM AGAINST DEPUTY RADCLIFF FALSE ARREST / FALSE IMPRISONMENT

37. Plaintiff, Letrevis Devon Nathan, hereby realleges, readopts, and reincorporates Paragraphs 1 through 21 above as if fully set forth herein.

38. Deputy Radcliff, individually, proximately caused the arrest of Plaintiff, Letrevis Devon Nathan, in the absence of probable cause that Plaintiff committed any criminal offense.

39. The actions of Deputy Radcliff, individually, in causing the arrest of Plaintiff, Letrevis Devon Nathan, in the absence of probable cause, were taken in absence of lawful authority. The actions of Deputy Radcliff, individually, constitute false arrest/false imprisonment of Plaintiff, Letrevis Devon Nathan.

40. Or, in the alternative, if the false arrest/false imprisonment of Plaintiff, Letrevis Devon Nathan, was not committed by Deputy Radcliff during the course and scope of his employment for Sheriff Ivey, or was committed by Deputy Radcliff in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property, the false arrest/false imprisonment of Plaintiff, Letrevis Devon Nathan, was committed by Deputy Radcliff in his individual capacity.

41. As a direct and proximate result of the aforementioned acts, Plaintiff, Letrevis Devon Nathan, has suffered grievously and has been brought into public scandal, with great humiliation, mental suffering and damaged reputation.

42. As a further direct and proximate result of the conduct of Deputy Radcliff, individually, Plaintiff, Letrevis Devon Nathan, suffered loss of his liberty and freedom; legal expenses; costs of bond and other related expenses; mental anguish; lost or interrupted income; and loss of capacity for the enjoyment of life. The losses to Plaintiff are either permanent or continuing and Plaintiff will suffer the losses in the future.

**WHEREFORE**, Plaintiff, Letrevis Devon Nathan, hereby demands judgment for damages against Deputy Radcliff, together with costs of this civil action and any further relief this Court deems appropriate.

## COUNT V – STATE LAW CLAIM AGAINST DEPUTY RADCLIFF MALICIOUS PROSECUTION

43. Plaintiff, Letrevis Devon Nathan, hereby realleges, readopts, and reincorporates Paragraphs 1 through 21 above as if fully set forth herein.

44. Deputy Radcliff, individually, maliciously instituted and continued a criminal prosecution against Plaintiff, Letrevis Devon Nathan. Deputy Radcliff commenced and continued the criminal prosecution recklessly, without probable cause, and without due regard for whether the criminal prosecution against Plaintiff, Letrevis Devon Nathan, was justified.

45. The criminal proceedings instituted and/or continued by Deputy Radcliff, individually, reached a bona fide resolution in favor of Plaintiff, Letrevis Devon Nathan.

46.     As a direct and proximate result of the acts described above, Plaintiff, Letrevis Devon Nathan, has suffered grievously and has been brought into public scandal, with great humiliation, mental suffering and damaged reputation.

47.     As a further direct and proximate result of the conduct of Deputy Radcliff, individually, Plaintiff, Letrevis Devon Nathan, suffered loss of liberty and freedom, mental anguish, loss of capacity for the enjoyment of life, costs of bond and incurred attorney's fees in the defense of the charges commenced or continued against him and lost or interrupted income  The losses of Plaintiff are either permanent or continuing and Plaintiff will suffer the losses in the future.

**WHEREFORE**, Plaintiff, Letrevis Devon Nathan, hereby demands judgment for damages against Deputy Radcliff together with costs of this civil action and any further relief this Court deems appropriate.

### DEMAND FOR JURY TRIAL

Plaintiff, Letrevis Devon Nathan, hereby demands a jury trial in this action.

**DATED** this ____ day of May, 2023.

_____
DANIEL P. FAHERTY, ESQUIRE
Florida Bar No. 379697
Telfer, Faherty & Anderson, PLLC
815 South Washington Avenue, Suite 201
Titusville, FL  32780-4299
Telephone No. (321) 269-6833
Facsimile No. (321) 383-9970
cguntner@ctrfa.com
croca@ctrfa.com
Attorney for Plaintiff

11